# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
RAUL DEJESUS,                  *    No. 14-1238V
                               *    Special Master Christian J. Moran
            Petitioner,        *
                               *
v.                             *
                               *    Filed: May 23, 2017
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *    Attorneys' fees and costs.
                               *
            Respondent.        *
* * * * * * * * * * * * * * * * * * * *
```

<u>Maximillian J. Muller</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;
<u>Glenn A. MacLeod</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Raul DeJesus received compensation through the National Childhood Vaccine Compensation Program. Mr. DeJesus is now seeking an award for his attorneys' fees and costs. **He is awarded $29,828.36**.

\*   \*   \*

Mr. DeJesus alleged that a dose of the influenza vaccine caused him to suffer a shoulder injury related to vaccine administration ("SIRVA"). Mr. DeJesus filed his medical records and the Secretary reviewed those records. The parties disputed when Mr. DeJesus began to experience pain in his shoulder. Consequently, a hearing to receive testimony from percipient witnesses was held in

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Philadelphia, Pennsylvania.  Following this testimony, the undersigned found when Mr. DeJesus first experienced shoulder pain.

Once the question of onset was resolved, the parties reached an agreement to resolve the case.  The parties' stipulation was incorporated into a decision, awarding compensation to Mr. DeJesus.  Decision, issued Oct. 27, 2016, 2016 WL 6837746.

On March 20, 2017, Mr. DeJesus filed the pending motion for an award of attorneys' fees and cost related to the work of his attorney, Maximillian J. Muller.  Mr. DeJesus requested $34,277.00 in attorneys' fees and $692.91 in attorneys' costs.  Pursuant to General Order No. 9, Mr. DeJesus stated that he did not incur any costs personally.  The amount requested totals $34,969.91.  On March 21, 2017, the Secretary filed a response to Mr. DeJesus's application.  The Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Resp't's Resp., filed Apr. 10, 2017, at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. DeJesus received compensation, he is entitled to an award of reasonable attorneys' fees by right.  42 U.S.C. § 300aa-15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

\*   \*   \*

Mr. DeJesus requests compensation for his attorney, Mr. Muller. For work in this case performed before June 1, 2016, Mr. Muller has charged $255.00 per hour for work. For work after June 1, 2016, Mr. Muller has charged $275.00 per hour. These rates have been found reasonable. Poulignot-Gartner v. Sec'y of Health & Human Servs., No. 15-869V, 2017 WL 1210083 (Fed. Cl. Spec. Mstr. Mar. 9, 2017); Colagreco v. Sec'y of Health & Human Servs., No. 14-465V, 2016 WL 6518579, at *2 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). Therefore, Mr. Muller will be compensated at these rates for his legal work.

Mr. DeJesus also requests compensation for the paralegal who worked on this case. The paralegal charged an hourly rate of $125.00. Mr. Muller's paralegal has previously been awarded a rate of $125.00 per hour. Poulignot-Gartner, 2017 WL 1210083.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). Most aspects of the application for attorneys' fees appear reasonable.

However, there were instances where Mr. Muller and his paralegal performed similar tasks, yet Mr. Muller continued to bill at a rate of $255 per hour for his work. While Mr. Muller has discretion in choosing which tasks to perform and which to delegate, tasks "that a paralegal can accomplish should be billed at a paralegal's hourly rate." Riggins v. Sec'y Health & Human Servs., 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for review denied (slip op. Dec. 10, 2009), aff'd 406 F. Appx 479 (Fed. Cir. 2011). For example, paralegals routinely collect medical records.

Furthermore, some of Mr. Muller's billing entries are vague. Examples include three 0.2 hour entries on June 11, 2014 for "Review correspondence from

3

client re: records." Another example is on July 14, 2014 "Review correspondence from client re: call." No clarification comes from the next entry, which is "Review follow up correspondence from client re: call." Mr. Muller could have easily provided additional information to explain the reasonableness of his activities. "[A]dequately identif[ing] the purpose of the activities" does "not in most cases invade the attorney-client privilege when applied to client communications." Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011).

To accomplish "rough justice," 15 percent of the attorneys' fees is deducted. Fox v. Vice, 563 U.S. 826, 838 (2011). Therefore, Mr. DeJesus is awarded $29,135.45 in attorneys' fees.

In addition to seeking an award for attorneys' fees, Mr. DeJesus seeks compensation for costs expended. The costs are relatively routine, such as costs for medical records retrieval and postage. These costs are reasonable and documented. Mr. DeJesus is awarded the full amount of attorneys' costs.

\*     \*     \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $29,828.36 ($29,135.45 in fees and $692.91 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $29,828.36 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $29,828.36, in the form of a check made payable to petitioner and petitioner's attorney, Maximillian J. Muller, of Muller Brazil, LLP, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.